IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

SALVATORE CANDELA,                    :

        Petitioner,                   :

v.                                    :
                                            CIVIL ACTION 06-527-KD-M
ALBERTO GONZALES,                     :
MICHAEL CHERTOFF,
WARDEN DAVID O. STREIFF,[1]           :

        Respondents.                  :


REPORT AND RECOMMENDATION


        This is an action under 28 U.S.C. § 2241 by Salvatore

Candela, a citizen and native of Pakistan,[2] who has been detained

by the U.S. Department of Homeland Security (Doc. 1).[3]  This

action has been referred for report and recommendation pursuant

to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c) and is now

---

        [1]Bill Bateman is no longer the Warden of the Perry County
Correctional Center.  Accordingly, pursuant to the provisions of Rule
25(d) of the Federal Rules of Civil Procedure, David O. Streiff, as
Warden of that facility, is substituted for Bateman as a proper
Respondent in this action.
        The Court also notes that Respondents have urged this Court to
dismiss Defendants Gonzales and Chertoff, but have failed to provide
any argument or authority as to why this action should be taken (Doc.
18, p. 1 n.1).  To the extent that Respondents' assertion can be
construed as a motion, it is **DENIED**.

        [2]Petitioner maintains that he is a "Stateless individual," though
he acknowledges that he has been characterized as being from Pakistan
(Doc. 1, pp. 1-2; *see also* Doc. 11, pp. 2-3).

        [3]Petitioner has been in the actual custody of David O. Streiff,
Warden of the Perry County Correctional Center in Uniontown, Alabama.
"Whenever a § 2241 habeas petitioner seeks to challenge his present
physical custody with the United States, he should name his warden as
respondent and file the petition in the district of confinement."
*Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

ready for consideration.  The record is adequate to determine Petitioner's claims; no evidentiary hearing is required.  It is recommended that the instant petition be dismissed.

In his petition, Petitioner asserts that he was taken into custody by agents of the U.S. Bureau of Immigration and Customs Enforcement (hereinafter *ICE*), on December 10, 2002,[4] pursuant to a finding that he should be removed from this country (*see* Doc. 1, pp. 3-4).  Petitioner maintains that he has been detained for too long and that such detention is improper (*id.* at pp. 4-5). Candela seeks release from custody (*id.* at p. 5).  Petitioner filed this action on September 5, 2006 (Doc. 1).

Respondents subsequently filed a Response, stating that Petitioner is being detained through his own failure to cooperate with United States authorities (Doc. 11).  More specifically, Respondents assert that Candela has been convicted of impersonating a federal officer in an extortion scheme, that he has refused to reveal his true identity or nationality, and that he has thwarted his repatriation—or, at least, his removal from this country—throughout all legal proceedings (Doc. 11, pp. 1-3). Respondents argue that Petitioner's confinement is proper, in light of Candela's obstruction of the legal process, and that this action should be dismissed (*id.* at pp. 4-7).

The evidence of record demonstrates that Petitioner was

---

[4]Court records indicate that Petitioner was actually taken into custody on December 16, 2002 (*see* Doc. 11, Exhibit B, p. 3).

2

convicted of extortion, under 18 U.S.C. §§ 2 and 872, on May 3, 2002 by the U.S. District Court of Maryland; Candela was sentenced to fifteen months imprisonment, followed by supervised release for one year (Doc. 11, Exhibit C).  Subsequently, a U.S. Immigration Judge found that Petitioner was not a U.S. Citizen and should be deported to Pakistan or India (*see* Doc. 11, Exhibit B, p. 4).  Two previous rulings by the U.S. District Court of Maryland have held that Candela has refused to engage in the process of his repatriation by providing "conflicting, unsupported, implausible biographical information regarding his nationality, birth date, religion, family, and residences" (Doc. 11, Exhibit B, p. 5).  Those Courts held that Petitioner's failure to cooperate prevented his ability to show that his removal was not likely to occur (Doc. 11, Exhibit A, p. 6; Exhibit B, p. 6; *see also* Exhibits D and E (declarations of Deportation Officers)).  As recently as September 29, 2006, Candela maintained that he was not a Pakistani citizen, a statement that prevented travel documents being issued on Petitioner's behalf (*see* Doc. 11, Exhibit G).

The United States Supreme Court, in *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001), held that 28 U.S.C. § 2241 confers jurisdiction on federal courts to entertain actions such as this.

In interpreting 8 U.S.C. § 1231,[5] the *Zadvydas* Court held that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States.  It does not permit indefinite detention."  *Zadvydas*, 533 U.S. at 689.  The Court went on to hold that "six months [was] a presumptively reasonable period of time to detain a removable alien awaiting deportation" pursuant

---

[5]The Court notes that 8 U.S.C. § 1231, entitled "Detention and removal of aliens ordered removed," states, in pertinent part, as follows:

    (a) Detention, release, and removal of aliens ordered removed
        (1) Removal period
            (A) In general
                Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
            (B) Beginning of period
                The removal period begins on the latest of the following:
                    (i) The date the order of removal becomes administratively final.
                    (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
                    (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.
            (C) Suspension of period
                The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

8 U.S.C.A. § 1231.

to § 1231.  *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1051 (11th Cir. 2002).  The *Zadvydas* Court further stated, however, that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  *Zadvydas*, 533 U.S. at 701.

This Court notes that statutory language, previously set out, allows for a petitioner's detention period to be extended "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal."  8 U.S.C. § 1231(a)(1)(C).  The Ninth Circuit Court of Appeals, in *Pelich v. I.N.S.*, 329 F.3d 1057, 1060 (9th Cir. 2003), addressed this issue and held the following:

> The risk of indefinite detention that motivated the Supreme Court's statutory interpretation in *Zadvydas* does not exist when an alien is the cause of his own detention. Unlike the aliens in *Zadvydas*, Pelich has the "keys [to his freedom] in his pocket" and could likely effectuate his removal by providing the information requested by the INS.

*Id.* (*citing Parra v. Perryman*, 172 F.3d 954, 958 (7th Cir. 1999).

The evidence shows that Candela has obstructed the removal process and that his actions have led to his continued detention. As such, Petitioner cannot prove that "there is no significant likelihood of removal in the reasonably foreseeable future."

5

*Zadvydas*, 533 U.S. at 701.  Candela's continued detention is not improper under 8 U.S.C. § 1321(a)(1)(C).

Therefore, it is recommended that this action be dismissed and that judgment be entered in favor of Respondents Alberto Gonzales, Michael Chertoff, and David O. Streiff and against Petitioner Salvatore Candela.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the

objection may be deemed an abandonment of the
objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment can
be appealed.

2.    **<u>Transcript (applicable where proceedings tape recorded)</u>**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

DONE this 6th day of April, 2007.


                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE

7